IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BISOLA SALIU<br><br>*Plaintiff*,<br><br>v.<br><br>SOCIETE AIR FRANCE CORP.<br>and DELTA AIR LINES, INC.<br><br><br>*Defendants*. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

The Plaintiff, Bisola Saliu ("Plaintiff" or "Mrs. Saliu"), by her undersigned attorney, Harriet Atsegbua, as and for her complaint against Defendants, Societe Air France Corp. ("Defendant," "Airline," or "Air France") and Delta Air Lines, Inc. ("Defendant," "Airline," or "Delta") fully alleges the following:

1. This civil action presents a federal question and is brought pursuant to the provisions of the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

2. Plaintiff was injured as a result of an accident whilst she was a passenger traveling aboard one of Defendant's, Air France's, aircrafts from Dubai

International Airport in Dubai, United Arab Emirates to Charles de Gaulle Airport in Paris, France on a ticket she purchased from Defendant Airline, Delta.

## STATEMENT OF JURISDICTION AND VENUE

3. Plaintiff, Bisola Saliu, invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C § 1331, because this case presents a federal question pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

4. This Court enjoys subject matter jurisdiction under Article 33 of the Montreal Convention because Defendant, Air France, sold Plaintiff the tickets for the flight in the United States, the destination of Plaintiff's round trip ticketing was the United States, Defendant, Air France, operates services for the carriage of passengers by air, either on its own aircrafts, or on another carrier's aircraft pursuant to commercial agreements from this Court's district in the United States and Plaintiff's principal and permanent residence is in the United States.

5. This Court enjoys subject matter jurisdiction under Article 33 of the Montreal Convention because Defendant, Delta, whose domicile and principal place of business is this Court's district, sold Plaintiff the tickets for the flight and Plaintiff departed from the United States and landed in the United States and Defendant operates services for the carriage of passengers by air in premises it owns or leases in the United States.

6. This Court enjoys personal jurisdiction over Defendant, Air France, because although Defendant, was a foreign corporation existing under the laws of France, Defendant maintained an office in Fulton County in the State of Georgia, qualified and conducting substantial business in the State of Georgia and applied with the Georgia Secretary of State's office for authorization to conduct business within the State of Georgia and was lawfully authorized by the Georgia Secretary of State's Office to transact business in the State of Georgia.

7. This Court enjoys personal jurisdiction over Defendant, Delta, because Delta's domicile and principal place of business is in Georgia and its headquarters is within the Northern District of Georgia.

8. Venue is proper in this judicial district under 28 U.S.C § 1391(b)(2)(3) for Defendant, Air France, because the contract for the sale of the air ticket took place in Georgia and Air France is registered to do business in Georgia.

9. Venue is proper in this judicial district under 28 U.S.C §1391(b)(2) because Defendant, Delta, sold the air tickets in Georgia.

## STATEMENT OF PARTIES

10. Plaintiff, Bisola Saliu, is a resident of the State of Georgia and resides within this judicial district (in ROCKDALE COUNTY) and is authorized to bring this action.

11. Defendant, Air France, is a French corporation, duly organized and existing under the laws of France.

12. Defendant, Delta, is a Delaware corporation, headquartered in Atlanta, Georgia.

13. That at all times hereinafter mentioned, although Defendant, Air France, was a foreign corporation existing under the laws of France, Defendant maintained an office in Fulton County in the State of Georgia, qualified and conducting substantial business in the State of Georgia and applied with the Georgia Secretary of State's office for authorization to conduct business within the State of Georgia and was lawfully authorized by the Georgia Secretary of State's Office to transact business in the State of Georgia.

14. That at all times hereinafter mentioned, Defendant, Air France, was and is a common carrier engaged in the business of transporting passengers for hire by air, by and through its servants, agents, employees and as such, it owned, operated, maintained, and controlled a certain aircraft (subject aircraft), which was operated as Air France Flight 0655 (AF 0655) on Sunday, February 12, 2023 from Dubai International Airport in Dubai, United Arab Emirates to Paris's Charles de Gaulle Airport in Paris, France.

15. At all relevant times, Defendant, Delta, was and is a common carrier engaged in the business of transporting passengers for hire by air.

## FACTUAL ALLEGATIONS AND CLAIM FOR PERSONAL INJURIES PURSUANT TO THE MONTREAL CONVENTION

16. On February 12, 2023, Defendant, Air France, operated and controlled a commercial airplane, designated as Air France Flight 0655 from Dubai International Airport in Dubai, United Arab Emirates to Charles de Gaulle International Airport in Paris, France (the "subject flight").

17. Plaintiff, Bisola Saliu, was a fare paying passenger lawfully aboard the subject flight and was traveling on an international itinerary on flights operated by Defendants, Air France and Delta, from Hartsfield Jackson International Airport in Atlanta transiting through Charles de Gaulle International Airport in Paris, France with a final destination of Dubai International Airport in Dubai, United Arab Emirates and returning from Dubai the same way, transiting through Paris Charles de Gaulle with a final destination of Hartsfield Jackson International Airport.

18. Defendant, Air France, conducted the subject flight on an airplane, (the "subject airplane") that it owned, leased, operated, staffed, or otherwise controlled.

19. Defendant, Air France, was responsible for the service, maintenance, inspection, and/or repair of the subject airplane.

20. Defendant, Air France, was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocols.

21.     Defendant, Air France, was responsible for maintaining safety standards aboard the subject flight including ensuring passengers receive adequate instructions on how to safely stow and retrieve their luggage.

22.     The flight crew on the subject flight was responsible for conducting pre-flight checks to identify and mitigate potential hazards to passengers.

23.     Plaintiff, Bisola Saliu, was seated in an aisle seat in economy aboard the subject flight and was traveling with her daughter and other close family and friends after celebrating her 60th birthday in Dubai and was in a celebratory mood as she had reached a landmark birthday, and her daughter had overcome a significant health challenge that required months of hospitalization and extended rehabilitation.

24.     That shortly after take-off and while Plaintiff was a seated passenger on the subject flight, AF 0655, in an aisle seat, seat number 46J, Passenger, Jane Doe, seated behind Plaintiff got up and opened the overhead luggage compartment and reached for a piece of luggage in the overhead compartment that was above Plaintiff's seat, and that while Jane Doe was in the process of retrieving the luggage, the luggage which was incredibly heavy and contained items that alarmed the flight attendants fell directly on Plaintiff's head causing serious head and neck injuries.

25.     That Plaintiff screamed in pain after the luggage fell on her head, causing alarm to other passengers and causing flight attendants to come rushing to the scene of the accident.

26. That the accident occurring on the subject flight, AF 0655, caused extreme shock to passengers in close proximity, many of whom screamed out in shock and fear, and caused Plaintiff's daughter who was seated in the middle aisle behind Plaintiff to bolt out of her seat and rush to Plaintiff's aid.

27. That the flight attendants on the subject flight, AF 0655, rushed to the scene and called for medical help and also wrote an incident report, which was shared with the captain of the aircraft.

28. That the doctor who attended to the call following Plaintiff's injury observed visible redness and swelling on Plaintiff's head, which was tender and extremely painful.

29. That flight attendants offered Plaintiff some ice but responded with hostility to Plaintiff's other requests including requests for a copy of the incident report, which was not given to Plaintiff.

30. That the flight crew continued to be dismissive and nonchalant throughout the flight despite Plaintiff's visible discomfort.

31. That Plaintiff was in great discomfort and severe pain throughout the flight and family members and friends were in great distress as they were concerned about the potential risks associated with head injuries.

32. That upon arrival in Atlanta, Plaintiff went to an Emergency facility to be evaluated by medical professionals.

33. That at all times mentioned, and on February 12, 2023, said occurrence resulting in physical and psychological injuries to the Plaintiff on board the subject flight, AF 0655, constituted an "accident" pursuant to Article 17 of the Montreal Convention, because an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operations of the aircraft occurred.

34. That as a result of the aforesaid accident, Plaintiff, Bisola Saliu, has suffered serious injuries, including but not limited to, a close head injury and brain trauma, which has had a debilitating impact on Plaintiff.

35. That as a result of the aforesaid accident, Plaintiff, Bisola Saliu, has suffered great pain, agony, and mental anguish, stress, depression, and in the future shall continue to suffer from the same.

36. That as a result of the aforesaid accident, Plaintiff, Bisola Saliu, has suffered significant difficulties with her professional and personal activities, and extreme stress with regards to air travel.

37. That as a result of the aforesaid accident, Plaintiff, Bisola Saliu, lost enjoyment of previous pleasurable pursuits and continues to suffer those losses.

38. That as a result of the aforesaid accident, Plaintiff, Bisola Saliu, needed to expend money on medical treatment and in the future shall continue to expend money on the same.

39. That at all times hereinafter mentioned, and on February 12, 2023, said occurrence on board the subject flight, AF 0655, constituted an accident and resulted in serious and permanent physical and psychological injuries to Plaintiff.

40. That at all times, Plaintiff has suffered and will continue to suffer severe pain, physical, and mental limitations and other compensable injuries.

41. That by reason of the foregoing, Plaintiff has been damaged in a sum of money having a present value that exceed the jurisdictional limits of all lower courts.

42. As a result of the foregoing, Defendants, Air France and Delta Air Lines, are liable to pay Plaintiff full, fair, and reasonable compensatory damages for injuries Plaintiff sustained, including her serious and permanent physical and emotional injuries; the substantial sums she has expended and will continue to expend for medical care and treatment; the loss of income she has suffered and will continue to suffer; and the severe pain, suffering, physical limitation and other compensable injuries she has sustained and will continue to sustain.

43. As a result of the foregoing, Defendants, Societe Air France, Corp. and Delta Air Lines, Inc., are liable to pay full, fair, and reasonable compensatory damages to Plaintiff, Bisola Saliu.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff, Bisola Saliu, hereby demands judgment against Defendants Societe Air France and Delta Air Lines in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

## JURY DEMAND

The Plaintiff, Bisola Saliu, hereby demands a trial by a jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: February 6, 2025.

>Respectfully submitted,
>*/s/Harriet Atsegbua*
>HARRIET ATSEGBUA
>GEORGIA STATE BAR NO. 438109
>Attorney for Plaintiff
>LAWFOLK LEGAL SERVICES, LLC
>1201 Peachtree Street N.E.
>Suite 100
>Atlanta, GA 30361
>Telephone: (770) 881-3213
>Email: harriet@lawfolklegal.com